UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. CARR, | ) | |
| Plaintiff, | ) | Civil No. EDCV 04-00507 (Mc) |
| v. | ) | MEMORANDUM OF DECISION AND ORDER IN A |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) | SOCIAL SECURITY CASE |
| Defendant. | ) | |

The plaintiff, James E. Carr, filed the present action for review of a final determination of the Commissioner of Social Security (the "Commissioner") that the plaintiff is not disabled and not entitled to Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") disability benefits.  For the reasons set forth below, the court finds that there is substantial evidence in support of the finding of the Commissioner that the plaintiff is not disabled.  The court, therefore, enters judgment in favor of the Commissioner and against the plaintiff.

\\\

\\\

**BACKGROUND**

The plaintiff established a protective filing date for the underlying applications for disability insurance benefits and supplemental security income benefits under the Social Security Act (the "Act") on August 9, 1994.  The Commissioner denied the application initially and on reconsideration.  At the plaintiff's request, an administrative hearing was held before Administrative Law Judge ("ALJ") Joan G. Knight on August 26, 1996.  Thereafter, on September 20, 1996, ALJ Knight filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision.  On January 23, 1998, the Appeals Council denied the plaintiff's request for review of ALJ Knight's decision.

Thereafter, the plaintiff filed a request for judicial review in this court in Case No. SACV 98-197 (Mc).  On January 3, 2000, this court remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  The court had found that ALJ Knight had improperly failed to consider the testimony of lay witness, Kathy Milam.

Pursuant to the order of remand, administrative hearings were held before ALJ Dennis T. Bennett on November 28, 2000, January 17, 2001[1], and February 14, 2001.  On May 23, 2001, ALJ Bennett filed a decision concluding that the plaintiff was not under a disability at any time through the date of the decision.  Thereafter, the plaintiff

---

[1]    In an apparent mistake, the transcript from the January 17, 2001 hearing states that the hearing took place on January 17, 200<u>0</u>.  [AR 724.]  It appears that the hearing took place on January 17, 200<u>1</u> because the hearing is a continuation of the hearing which began on November 28, 2000.  [AR 680, 726.]

1  submitted exceptions to the unfavorable decision of ALJ Bennett.  On
2  March 14, 2002, the Appeals Council remanded the plaintiff's case to
3  an Administrative Law Judge for further proceedings.

4       Pursuant to the order of remand, an Administrative hearing was
5  held before ALJ F. Keith Varni on August 22, 2002.  On September 11,
6  2002, ALJ Varni filed a decision concluding that the plaintiff was not
7  under a disability, as defined in the Act, at any time through the
8  date of the decision.  On April 13, 2004, the Appeals Council denied
9  the plaintiff's request for review of ALJ Varni's decision.  The
10  decision of ALJ Varni stands as the final decision of the
11  Commissioner.

12       On May 19, 2004, the plaintiff filed the present action
13  challenging the unfavorable decision of ALJ Varni issued on September
14  11, 2002.  The plaintiff and the Commissioner have consented to
15  proceed before a United States Magistrate Judge.  The parties have
16  entered into a Joint Stipulation setting forth their arguments.

17                        **STANDARDS OF REVIEW**

18       The court must sustain the findings of the Commissioner unless:
19  (a) they are not supported by substantial evidence in the record as a
20  whole; or (b) the Commissioner applied an improper legal standard.
21  See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human
22  Services, 803 F.2d 1071, 1072 (9th Cir. 1986).  Substantial evidence
23  means "more than a mere scintilla" but less than a preponderance.
24  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28
25  L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human
26  Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is
27  evidence a "reasonable mind might accept as adequate to support a
28  \\\

1  conclusion." Richardson v. Perales, 402 U.S. at 402; Gordon v.
2  Secretary of Health and Human Services, 803 F.2d at 1072.

3      This Court must review the record as a whole and consider adverse
4  as well as supporting evidence. See Green v. Heckler, 803 F.2d 528,
5  529-530 (9th Cir. 1986). Where evidence is susceptible of more than
6  one rational interpretation, the court must sustain the Commissioner's
7  decision. See Gallant v Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

8  **THE FIVE-STEP SEQUENTIAL EVALUATION**

9      The Commissioner has established a five-step sequential
10  evaluation for determining whether a person is disabled. First, the
11  Commissioner determines whether the person is engaged in "substantial
12  gainful activity." If so, the Commissioner denies disability
13  benefits. Second, if the person is not so engaged, the Commissioner
14  determines whether the person has a medically severe impairment or
15  combination of impairments. If the person does not have a severe
16  impairment or combination of impairments, the Commissioner denies
17  benefits. Third, if the person has a severe impairment, the
18  Commissioner determines whether the impairment meets or equals one of
19  a number of "listed impairments." If the impairment meets or equals a
20  "listed impairment," the Commissioner conclusively presumes that the
21  person is disabled. Fourth, if the impairment does not meet or equal
22  the "listed impairments," the Commissioner determines whether the
23  impairment prevents the person from performing past relevant work. If
24  the person can perform past relevant work, the Commissioner denies
25  benefits. Fifth, if the person cannot perform past relevant work, the
26  burden shifts to the Commissioner to show that the person is able to
27  perform other kinds of work. The person is entitled to disability
28  benefits only if he is unable to perform other work. See 20 C.F.R. §

1  404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96

2  L.Ed.2d 119 (1987).

3  **FINDINGS OF THE ALJ**

4      The plaintiff was born August 3, 1951. [Administrative Record

5  ("AR") 37.]  The plaintiff graduated from high school.  [AR 38, 495,

6  509.]  The plaintiff has past relevant work as a welder and

7  maintenance man.  [AR 26, 212, 514, 620, 666.]  The plaintiff alleges

8  that he cannot work because of left hip strain/sprain, degenerative

9  joint disease of the lumbar spine, seizure activity, decreased vision,

10 "lower esophagus sphincter [sic]", gastrointestinal disorder,

11 decreased hearing, decreased memory and heart problems.  [RT 453.]

12      ALJ Varni found that the plaintiff had not engaged in

13 substantial gainful activity since June 1, 1990.  [RT 463.]  The ALJ

14 found that the medical evidence established that the plaintiff had a

15 history of left hip strain/sprain and a visual impairment but that he

16 did not have an impairment or combination of impairments listed in, or

17 medically equal to one listed in, Appendix 1, Subpart P, Regulations

18 No. 4.  [RT 463.]  The ALJ also found that the plaintiff's testimony

19 about his impairments was not credible.  [RT 463.]

20      ALJ Varni found that the plaintiff retained the residual

21 functional capacity to perform work at the medium exertional level.

22 [RT 462, 463.]  The ALJ found that the plaintiff retained the mental

23 residual functional capacity such that he could perform routine and

24 repetitive, entry level, minimally stressful work which requires no

25 contact with the general public and which requires only superficial

26 interpersonal contact.  [RT 462, 463.]

27      ALJ Varni found that the plaintiff was unable to perform his past

28 relevant work as a fence welder or motel maintenance person.  [RT

463.]  However, the ALJ found that the plaintiff could perform work as an assembler, packager, hospital cleaner and many other occupations and that these jobs existed in significant numbers in the regional and national economy.  [AR 462.]  The ALJ found that the plaintiff was not under a disability as defined in the Act at any time through the date of the decision.  [AR 462, 463.]

**THE PLAINTIFF'S CONTENTIONS**

The plaintiff presents the following contentions:

(1)  The ALJ failed properly to evaluate the plaintiff's complaint of pain as a disability.  [Joint Stipulation, p. 4.]

(2)  The ALJ used the wrong test to evaluate the plaintiff's combination of impairments.  [Joint Stipulation, p. 4.]

(3)  The hypothetical questions propounded to the vocational expert did not include all of the plaintiff's impairments.  [Joint Stipulation, p. 4-5.]

**DISCUSSION**

**The Plaintiff's Pain Allegations**

The plaintiff contends that ALJ Varni failed properly to evaluate the plaintiff's complaint of pain as a disability.  [Joint Stipulation, p. 4.]  Specifically, the plaintiff contends that the ALJ improperly found that the plaintiff and lay witness Kathy Milam were not credible in relation to the plaintiff's allegations of pain. [Joint Stipulation, p. 5-6.]

A plaintiff who alleges disability based on subjective symptoms must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged; if the plaintiff fails to produce such evidence, the Commissioner may decide to disregard the allegations entirely.  See

Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986); Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991).  The Cotton test requires only that the causal relationship between the impairment and the symptom be a reasonable inference, not a medically proven phenomenon. The plaintiff only needs to show that the impairment could reasonably have caused some degree of the symptom.  See Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986)(noting that the Ninth Circuit has "never required that the medical evidence identify an impairment that would make the pain inevitable").

Once the plaintiff has satisfied the Cotton test and there is no evidence of malingering, the ALJ may reject the plaintiff's testimony regarding the severity of his symptoms only if he makes specific findings stating clear and convincing reasons for doing so.  See Smolen, 80 F.3d at 1281 (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)).

In order to determine whether the plaintiff's testimony regarding the severity of his or her symptoms is credible, the ALJ may consider the following, for example: (1) ordinary techniques of credibility evaluation, such as the plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the plaintiff that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the plaintiff's daily activities.  Smolen, 80 F.3d at 1284; see, e.g., Fair v. Bowen, 885 F.2d 597, 602-04 (9th Cir. 1989); Bunnell, 947 F.2d 341, 346-47 (9th Cir. 1991).  The ALJ must also consider other factors including the nature, location, onset, duration, and frequency of the plaintiff's symptoms, precipitating and aggravating factors, functional

1  restrictions caused by the symptoms, type, dosage, effectiveness and

2  side-effects of any medications, treatment other than medication, and

3  other measures used to relieve symptoms.  See Smolen, 80 F.3d at 1284;

4  Bunnell, 947 F.2d at 346; 20 C.F.R. 404.1529(c)(3); Social Security

5  Ruling 96-7p.

6       Here, the plaintiff produced objective medical evidence of an

7  underlying impairment, left hip strain/sprain and degenerative joint

8  disease of the lumbar spine, which could reasonably be expected to

9  produce the pain alleged, however, ALJ Varni provided specific

10 findings stating clear and convincing reasons for rejecting the

11 plaintiff's pain allegations.  The ALJ properly rejected the testimony

12 of the plaintiff and Ms. Milam.  The ALJ properly found that the

13 plaintiff and Ms. Milam were not credible based upon the fact that the

14 plaintiff and Ms. Milam conspired to fool a consultative examiner into

15 thinking that the plaintiff did not speak English.  [AR 462, see AR

16 271.]  The successful effort of the plaintiff and Ms. Milam to deceive

17 the examiner support the conclusion of the ALJ that the plaintiff and

18 Ms. Milam were not credible.  See Smolen, 80 F.3d at 1284.[2]

19 **The Plaintiff's Combination of Impairments**

20      The plaintiff contends that ALJ Varni used the wrong test to

21 evaluate the plaintiff's combination of impairments.  [Joint

22

23 ───────────────

24      [2]    The court also notes that the plaintiff gave a poor
   effort during a psychological evaluation.  [RT 343.]  The
25 plaintiff's poor effort supports the conclusion of ALJ Varni that
   the plaintiff was not credible.  See Thomas v. Barnhart, 278 F.3d
26 947, 959 (9th Cir. 2002) (claimant's failure to give maximum
   effort and attempt to impede accurate testing of limitations
   support ALJ's conclusion that claimant was not credible); Rautio
27 v. Bawen, 862 F.2d 176, 179-180 (8th Cir. 1988) (failure to
   cooperate during examination support ALJ's conclusion that
28 claimant was not credible).

Stipulation, p. 4.]  The plaintiff contends that the ALJ improperly
failed to address his esophageal dysphagia problem, heart murmur, high
blood pressure, asthma, hearing problem and alcohol problem.  [Joint
Stipulation, p. 10.]  The plaintiff contends that the ALJ improperly
failed to consider the combined effect of these impairments.  [Joint
Stipulation, p. 10-11.]

ALJ Varni noted that the plaintiff asserted that he suffered from
"dysphagia, decreased auditory acuity, heart murmur, high blood
pressure, and recent problems with his right upper extremity."  [RT
461.]  The ALJ did not specifically arrive at any conclusion regarding
these assertions.  The plaintiff's contention nonetheless fails here,
however, because the plaintiff has "offered no theory, plausible or
otherwise, as to how his [impairments] combined to equal a listed
impairment."  Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (ALJ
did not err in concluding impairments did not equal a listed
impairment, in spite of ALJ's failure to discuss combined effects of
impairment, where claimant offered no theory as to how his impairments
combined to equal a listed impairment).  The plaintiff does not
describe how his esophageal dysphagia problem, heart murmur, high
blood pressure, asthma, hearing problem and alcohol problem affected
his ability to perform work-related activities.  The ALJ did not err.

**The Vocational Expert Testimony**

The plaintiff contends that the hypothetical questions propounded
to the vocational expert did not include all of his impairments.
[Joint Stipulation, p. 4-5.]  The plaintiff alleges that ALJ Varni
failed to include a history of left hip strain/sprain and visual
impairment in the hypothetical questions he posed to the vocational
expert.  [Joint Stipulation, p. 13.]  The plaintiff contends, "Since

the hypothetical question proposed [sic] to the [vocational expert] did not include the history of left hip strain/sprain and visual impairment, the [vocational expert] was not given the opportunity to determine what effect, if any, these impairments would have on [the] plaintiff's ability to maintain gainful employment." [Joint Stipulation, p. 13.]

At the administrative hearing, the ALJ asked the vocational expert to consider a person of the same age, education, and work experience as the plaintiff who could lift up to 50 pounds occasionally and 25 pounds frequently, could sit, stand and walk each up to six hours in an 8 hour work day, had unlimited ability to push and pull, could not work at heights, and was limited to minimally stressful, routine and repetitive work which required no contact with the general public and only a superficial degree of interpersonal contact. [AR 522, 525-526.] The vocational expert testified that such an individual could not work as a welder or maintenance person. [AR 526.] The vocational expert further testified that such an individual could perform work as a small products assembler, a hand packager, a hospital cleaner and a day worker. [RT 524, 526-527.]

Testimony from a vocational expert based on a properly-phrased hypothetical question constitutes substantial evidence. See Roe v. Chater, 92 F.3d 672, 675 (9th Cir. 1996). The hypothetical question posed to the vocational expert must set out all the limitations and restrictions of the claimant. Embrey v. Bowen, 849 F.2d at 422 (emphasis in original). "The point of the hypothetical question is to clearly present to the vocational expert a set of limitations that mirror those of the claimant." Roe v. Chater, 92 F.3d at 676. "While the hypothetical question must set forth all the claimant's

impairments, [citation omitted] it need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments."  Id.

While ALJ Varni did not use to specific diagnostic term, "history of left hip strain/sprain," the ALJ adequately described the limitations the plaintiff suffered as a result of the left hip strain/sprain.  [AR 525.]  Accordingly, the failure of the ALJ to use the term, "history of left hip strain/sprain," did not constitute error.

Also, while the ALJ did not specifically state that the plaintiff suffered from a visual impairment, the ALJ included in his hypothetical question a preclusion from working at heights.  [AR 525.] The ALJ properly included in his hypothetical the plaintiff's work limitations caused by his visual impairment.  See id.

The ALJ to included in his hypothetical question to the vocational expert limitations caused by the plaintiff's left hip strain/sprain or visual impairment.  Accordingly, there is no error.

## CONCLUSION

After careful consideration of the pleadings, the cross-motions of the parties, the memoranda in support thereof, the transcript of the record, and in accordance with the foregoing discussion, the magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner has applied proper legal standards.

\\\

\\\

\\\

\\\

**<u>ORDER</u>**

IT IS ORDERED that Judgment be entered in favor of the Commissioner and against the plaintiff.


Dated:  October 19, 2005



_____/S/_____
JAMES W. McMAHON
United States Magistrate Judge